## IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

SUSAN C. MERTZ,                                    Case No.

     Plaintiff,

v.

LAW OFFICES OF WELTMAN, WEINBERG &
REIS CO., L.P.A.                                   **JURY TRIAL DEMANDED**

     Defendant.

_____/

### COMPLAINT FOR UNLAWFUL DEBT COLLECTION PRACTICES
### AND DEMAND FOR JURY TRIAL

### I.     Introduction

1.     This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et. seq. (hereafter "FDCPA") and the Florida Consumer Collection Practices Act, F.S.A. §§ 559.55-559.785 (hereafter "FCCPA"). These laws prevent, respectively, debt collectors and persons from, *inter alia*, engaging in abusive, deceptive, and unfair collection practices.

### II.     Jurisdiction and Venue

2.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, 1337, and 1367.

3.     Venue lies in this District pursuant to 28 U.S.C. § 1391(d).

### III.     Parties

4.     Plaintiff, Susan C. Mertz (hereafter "Plaintiff"), is an individual who resides in the unincorporated area of Riverview, county of Hillsborough, state of Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and F.S.A. § 559.55(2), and

is also a person with standing to bring a claim under the FDCPA by virtue of being directly affected by a violation of the Act.

5.    Defendant, Law Offices of Weltman, Weinberg & Reis Co., L.P.A. (hereafter "WWR"), is a professional corporation, incorporated under the laws of the state of Ohio, with its principal place of business located at 175 South 3rd Street, Suite 900, Columbus, Ohio 43215-5166. Defendant WWR is a "debt collector," as that term is defined under 15 U.S.C. § 1692a(6) and F.S.A. § 559.55(6), as it regularly collects, or attempts to collect, debts alleged to be due to another.

## IV.    Factual Allegations

6.    Defendant WWR sent a letter to Plaintiff, dated September 28, 2009. *A copy of this letter is attached hereto as "Exhibit A."*

7.    The letter was Defendant's initial communication with Plaintiff regarding this debt.

8.    Defendant's letter failed to state that Plaintiff had a right to dispute the validity of the debt within thirty days, a statement which is required by 15 U.S.C. § 1692g.

9.    Defendant's letter failed to disclose that Defendant was a debt collector, and any information obtained from Plaintiff would be used for the purpose of collecting a debt, a statement which is required to be sent by 15 U.S.C. § 1692e(11).

10.    Defendant's letter stated that, if Plaintiff did not contact Defendant within ten days, Defendant was "authorized" to "proceed with the filing of the necessary legal action in order to reduce [the] claim to judgment." *See attached Exhibit "A."*

11.    Plaintiff did not contact Defendant regarding the letter or potential claim.

12.    Despite Plaintiff's failure to contact Defendant, Defendant WWR did not file the lawsuit which it threatened to file.

13.   Defendant was attempting to collect a consumer debt allegedly owed to Discover Bank.

14.   Defendant's threats to take actions that it had no intention of taking were violative of the FDCPA.

15.   Defendant's failure to provide the adequate disclosures in its initial communication with Plaintiff was violative of the FDCPA.

16.   Defendant engaged in conduct which was reasonably expected to abuse or harass Plaintiff when it threatened to "proceed with the filing of the necessary legal action in order to reduce this claim to judgment," when, it is alleged that, it had no actual intent to file a lawsuit, which was violative of the FCCPA.

17.   As a result of Defendants' actions and/or omissions, Plaintiff suffered actual damages in the form of great stress, fear, nervousness, and restlessness.

<div align="center">

**First Claim for Relief**
**FDCPA Violation**
**Susan C. Mertz v. Weltman, Weinberg & Reis Co., L.P.A.**

</div>

Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 17.

18.   Defendant's actions were performed with the intent to coerce Plaintiff into paying a consumer debt.

19.   The foregoing acts and omissions of Defendant and its agents constitute numerous and several violations of the FDCPA, including, but not limited to, 15 U.S.C. §§ 1692e(5) and1692g.

20.   As a result of the above violations of the FDCPA, Plaintiff is entitled to a declaratory judgment that Defendant's conduct violated the FDCPA, and recovery for actual damages, statutory damages, and attorney's fees and costs.

**Second Claim for Relief**
**FCCPA Violation.**
**Susan C. Mertz v. Weltman, Weinberg & Reis Co., L.P.A.**

Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 17.

21.    Defendant's actions were performed with the intent to coerce Plaintiff into paying a
consumer debt.

22.    The foregoing acts and omissions of Defendant and its agents constitute numerous and
several violations of the FCCPA, including, but not limited to, F.S.A. § 559.72(7).

23.    As a result of the above violations of the FCCPA, Plaintiff is entitled to a declaratory
judgment that Defendant's conduct violated the FCCPA, and recovery for actual
damages, statutory damages, punitive damages, and attorney's fees and costs.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court enter judgment against
Defendant for the following:

a.    Declaratory judgment that Defendant's conduct violated the FDCPA and FCCPA;

b.    Actual damages pursuant to 15 U.S.C. § 1692k(1) and F.S.A. § 559.77(2);

c.    Statutory damages pursuant to 15 U.S.C. § 1692k(2)(A) and F.S.A. § 559.77(2);

d.    Punitive damages pursuant to F.S.A. § 559.77(2);

e.    Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(3) and F.S.A. §
559.77(2); and

f.    Such other and further relief as may be just and proper.

Respectfully submitted, this 5th day of May, 2010.

<div style="margin-left:40%">

  s/ G. Donald Golden
G. DONALD GOLDEN, ESQUIRE
Florida Bar No. 0137080
E-mail: don@brandonlawyer.com

</div>

JOSEPH B. BATTAGLIA, ESQUIRE
Florida Bar No. 0058199
E-mail: joe@brandonlawyer.com
THE GOLDEN LAW GROUP
808-A Oakfield Drive
Brandon, Florida 33511
Telephone:  (813) 413-8700
Facsimile:   (813) 413-8701
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff demands trial by jury in this action.

_s/ G. Donald Golden_____
G. DONALD GOLDEN, ESQUIRE
JOSEPH B. BATTAGLIA, ESQUIRE
THE GOLDEN LAW GROUP

LAW OFFICES OF

175 SOUTH 3RD ST., SUITE 900
COLUMBUS, OH 43215-5166
(614) 801-2739   (800) 864-0324
MON-THURS 8AM-9PM, FRI 8AM-5PM, & SAT 8AM-12PM EST

September 28, 2009

SUSAN MERTZ
7209 ALAFIA DR
RIVERVIEW FL 33578-4576

RE:   DISCOVER BANK
      Account No.: 6011398521872137
      WWR No.: 7820062
      Balance Due as of September 28, 2009: $6,352.66

Dear Sir/Madam:

This is to notify you that Discover Bank has retained this firm to collect its claim against you for the balance owing on your Discover Card account. At this time, we are affording you an opportunity to contact our office in order to pay the entire balance due and owing as indicated above or to discuss making satisfactory arrangements to pay it. If we do not hear from you within ten days of the date of this letter, however, our client has authorized us to take the appropriate steps to proceed with the filing of the necessary legal action in order to reduce this claim to judgment. In the event judgment is obtained, execution will issue on the judgment to recover the balance due and owing. We are sure you will agree that it is to your benefit to arrange to voluntarily liquidate this obligation rather than to have your business disrupted by executions issued on a judgment. At this time, however, the decision is yours.

Now that the seriousness of this matter has been brought to your attention, we anticipate your immediate response.

Sincerely,
Weltman, Weinberg & Reis Co., L.P.A.

CONWELT01322

***To receive proper credit on your account, please detach the bottom portion and return with your payment in the enclosed envelope***

WWR No.: 7820062
Balance Due as of September 28, 2009: $6,352.66

175 South 3rd St., Suite 900
Columbus, OH 43215-5166
ADDRESS SERVICE REQUESTED

September 28, 2009

WELTMAN, WEINBERG & REIS CO., L.P.A.
P.O. Box 93596
Cleveland, OH 44101-5596

CH11/322/9518343/0920-322        227665252
SUSAN MERTZ
7209 Alafia Dr
Riverview FL 33578-4576

CH11/322/9518343/0920

EXHIBIT "A"